# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SHERRY L.H.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 23-CV-4027-CJW-KEM<br><br>**ORDER** |

_____

## I.  INTRODUCTION

       This case is before the Court on an August 12, 2024 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 31). Judge Mahoney recommends the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Sherry L.H.'s ("Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 United States Code, Sections 401–434. Neither party has objected to the R&R. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 31) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II.     APPLICABLE STANDARDS

### A.     *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citing *Turely v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum.*

2

Case 5:23-cv-04027-CJW-KEM     Document 32     Filed 09/18/24     Page 2 of 7

*Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 31, at 2-20). In short, claimant worked for years as a beautician while also volunteering and eventually working part-time as an Emergency Medical Technician ("EMT"). In August 2020, while working as an EMT, she was injured by a patient who assaulted her. Over the course of the next year and a half, she suffered back, hip and leg pain, headaches, seizures, and chronic pain among other ailments. The Commissioner denied claimant's request for disability benefits. (AR 15). A Social Security Administrative Law Judge

("ALJ") found claimant suffered from severe impairments of osteoarthritis, lumbar stenosis, residuals of right hip repair, pseudo seizures, migraines, anxiety disorder and depressive disorder. (AR 18). The ALJ also determined claimant's residual functional capacity ("RFC"), finding claimant could perform light work—which includes the ability to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently, and to stand, walk, and sit approximately six hours in an eight-hour day—with the following additional limitations:

> [Claimant] can perform work that requires no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; with no work on ladders. The claimant must avoid concentrated exposure to loud or very loud noise, vibration, fumes, and hazards. She is able to perform simple, routine tasks.

(AR 21). The ALJ found claimant could not perform her past work, but could work as an electronic assembler, price marker, router, semi-conductor bonder, lens inserter, or wire wrapper. (AR 31-32). Because these jobs existed in the market in sufficient numbers, the ALJ found claimant was not disabled between August 26, 2020 through April 6, 2022. (AR 33).

## IV. DISCUSSION

Claimant argued the ALJ erred in the RFC finding as to her ability to sit and stand and in determining there were sufficient jobs she could perform in the regional market.

As to the RFC finding, Judge Mahoney determined that even if claimant's condition improved by February 2022 such that claimant could perform light work, the Commissioner did not consider whether claimant was disabled during the "closed period" before that. (Doc. 31, at 21-25). Judge Mahoney recommended remanding the case to the Social Security Administration for the ALJ to consider the applicability of a closed period of benefits. (*Id.*, at 25). The Court agrees with Judge Mahoney. The medical records show claimant's physical condition was much worse for months prior to February

2022, during the time period for which she is seeking benefits. It is appropriate to remand this case to have the ALJ consider not just claimant's RFC after February 2022, but also her RFC during the period for which she is seeking past benefits.

As for the number of jobs claimant could work, claimant argued the ALJ failed to consider whether the number of jobs she could perform are actually available to claimant in the region where she lives. (*Id.*, at 25-26). After a thorough analysis of conflicting caselaw on this issue, Judge Mahoney found the lack of regional job numbers is not an independent basis for remand. (*Id.*, at 26-35). The Court agrees. Although the caselaw is less than clear, in general it appears the Eighth Circuit Court of Appeals has focused on jobs available in the national economy, without a need to show those jobs are available at a regional level where a claimant lives.

After briefing was completed on the merits before Judge Mahoney, claimant sought a limited remand to consider additional medical records she believes would show that her hip surgeries and physical therapy were not the cure-all to her problems. (*Id.*, at 35-37). The nature of the requested remand is different from the remand Judge Mahoney has recommended. Judge Mahoney recommends denying this limited remand, finding the basis for that remand is intertwined with the issues that would be covered by the broader remand Judge Mahoney has recommended. (*Id.*, at 37). The Court agrees, denies as moot the motion to remand (Doc. 15), and finds remand under sentence four in Title 42, United States Code, Section 405(g).

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 31) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation:

a. The Commissioner's determination is **reversed** and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings as described by Judge Mahoney, specifically with regard to a re-evaluation of claimant's residual functional capacity as it relates to her physical impairments.

b. The motion to remand (Doc. 15) is **denied as moot.**

**IT IS SO ORDERED** this 18th day of September, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa